UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:20-MC-00034-CEM-DCI

MATTHEW ORSO AS SUCCESSOR TRUSTEE
TO KENNETH D. BELL IN HIS CAPACITY
AS COURT-APPOINTED RECEIVER FOR
REX VENTURE GROUP, LLC, d/b/a
ZEEKREWARDS.COM

    Plaintiff,

v.

LEJEUNE BAUVIL,

    Defendant/Judgment Debtor,

v.

WELLS FARGO BANK, N.A.

    Garnishee.

_____/

## MOTION FOR FINAL JUDGMENT IN GARNISHMENT AS TO GARNISHEE WELLS FARGO BANK, N.A. WITH SUPPORTING MEMORANDUM OF LAW

Plaintiff, **NATIONWIDE JUDGMENT RECOVERY, INC., AS ASSIGNEE OF MATTHEW ORSO, AS SUCCESSOR TRUSTEE TO KENNETH D. BELL, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR REX VENTURE GROUP, LLC** ("Plaintiff") hereby files this Motion for Final Judgment in Garnishment as to Garnishee WELLS FARGO BANK, N.A. ("Wells Fargo") and as grounds therefore states as follows:

### SUMMARY OF ARGUMENT

Defendant/Judgment Debtor **LEJEUNE BAUVIL** ("Defendant" or "Defendant Bauvil") did not respond or raise defenses or exemptions to the Writ of Garnishment entered by this Court against Wells Fargo. Under Florida law, where a judgment debtor is provided with the required statutory notices but fails to respond to the garnishment, Plaintiff has met the statutory

requirements for entry of a judgment of garnishment. Plaintiff is therefore entitled to a Final Judgment of Garnishment against WELLS FARGO BANK, N.A. in the amount of $2,512.28.

## BACKGROUND

ZeekRewards was an enormous Ponzi scheme that operated in 2010 and 2011 in which thousands of individuals—including the Defendant Bauvil— (the "Net Winners") were enriched at the expense of numerous victims who lost money in the scheme. In 2012, the Securities and Exchange Commission ("SEC"), recognizing the harm wreaked by ZeekRewards, filed an action in the United States District Court for the Western District of North Carolina to shut down the scheme. In that matter, the court appointed a Receiver, Kenneth Bell ("Receiver Bell") and tasked him with identifying and locating the Net Winners in the scheme, recovering their ill-gotten gains, and splitting those funds amongst the persons who had lost money to the scheme (the "Net Losers"). *See Securities and Exchange Commission v. Rex Venture Group, LLC,* Case No. 3:12-cv-00519 (the "SEC Action").

In 2014 Receiver Bell sued a defendant class of Net Winners in the United States District Court for the Western District of North Carolina. *See Orso v. Disner, et al.,* Case No. 3:14-cv-00091 (the "Net Winner Class Action"), Compl., ECF No. 1 at ¶¶ 5-11 (W.D.N.C. Feb. 28, 2014). United States District Judge Graham Mullen ("Judge Mullen") certified the defendant class of Net Winners and ultimately entered a Final Judgment against Defendant Bauvil (and thousands of other Net Winners) in the amount of Bauvil's winnings gained at the expense of the Net Losers of the Ponzi scheme. *See* Net Winner Class Action, ECF No. 179-2, at p. 5488 (the "Final Judgment"). On appeal, the United States Court of Appeals for the Fourth Circuit Court affirmed the trial court rulings, including its certification of the defendant class including Bauvil Bell *v. Brockett*, 922 F.3d 502 (4th Cir. 2019).

On May 22, 2019 Matthew D. Orso ("Receiver Orso") was appointed as the successor receiver to Receiver Bell. *See* the SEC Action, ECF No. 739. On July 4, 2019 Receiver Orso filed a motion for court approval to sell the judgments. See the SEC Action, ECF No. 752. On July 30, 2019, Judge Mullen entered an Order approving the sale of the judgments. See the SEC Action, ECF No. 753. On December 16, 2019 the judgments were assigned by Receiver Orso to Nationwide Judgment Recovery, Inc. ("NJR").

Defendant Bauvil has not satisfied any portion of the Judgment, and the entire amount of the Judgment remains outstanding, with interest continuing to accrue pursuant to applicable law. In connection with its efforts to enforce the Judgment, on September 01, 2020, Plaintiff registered the Judgment in this Court [Docket No. 1].

On December 29, 2021 Plaintiff filed a Motion for Writ of Garnishment ("the Motion") against Bank of America [Docket No. 3] as to any tangible assets of Defendant in the possession of Wells Fargo. On January 03, 2022, Writs of Garnishment were issued by this Court against Wells Fargo [Docket No. 6]. On January 12, 2022, Wells Fargo filed its Answer to the Writ of Garnishment [Docket No. 11], stating that it had restrained $2,512.28 from a bank account belonging the Defendant with an account number ending in 6440 for total funds restrained of $2,512.28.

On January 10, 2022 Plaintiff mailed a Notice to Defendant which attached the Motion for Writ of Garnishment against Wells Fargo, the Wells Fargo Writ, a Notice to Defendant of Rights Against Garnishment ("the Notice") and a Florida Claim of Exemption form as required by Florida Statute § 77.041 to the Defendant's last known address. Defendant was advised in the Notice that "you must file the form with the Clerk's office within twenty days after the date you receive this notice or you may lose important rights," and "you should file the form for claim of

exemption immediately to keep your wages, money or property from being applied to the court judgment." [Docket No. 10]. This mailing was not returned to Plaintiff.

On January 14, 2022, Plaintiff mailed a second Notice to Defendant [Docket No. 12] which attached Bank of America's Answer as required by Florida Statute § 77.055 and stated that "Plaintiff further notifies Defendant that it must move the dissolve the Writ of Garnishment within 20 days after the date indicated on the Certificate of Service…if any allegation…is incorrect". This Notice was mailed to the address for the Defendant which was provided by Wells Fargo in their Answer, which was the same as the "last known address" that the Plaintiff had on record for Defendant. This mailing was not returned to Plaintiff.

Defendant did not file a response to the Writ or to any other filing in the case, nor make any Claim of Exemption whatsoever as to the account or funds identified and restrained by Wells Fargo and therefore Plaintiff is entitled to a Final Judgment of Garnishment as to those funds.

## MEMORANDUM OF LAW

Rule 69(a)(1) of the Federal Rules of Civil Procedure states that

> a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located…

Under Florida law, "every person or entity who…has recovered judgment in any court against any person or entity has a right to a writ of garnishment." *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752 at *2 (S.D. Fla. July 8, 2008), and "[Florida] state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law." *General Trading Inc., v. Yale Materials Handling Corp.*, 119 F. 3d 1485, 1496 n. 22 (11th Cir. 1997).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of February 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send CM/ECF notification of such filing to: Liebler, Gonzalez & Portuondo, Esquire, counsel for Garnishee Wells Fargo Bank, N.A., and that I mailed the foregoing by first class United States Mail on today's date to Lejeune Bauvil, defendant *pro se,* 11218 Dormer Way, Orlando, FL 32837-9159.

*Alison Emery*

Alison N. Emery, Esquire

As set forth herein, Plaintiff has met the statutory requirements for entry of a judgment in the amount of $2,512.28. against Wells Fargo Bank, N.A.

WHEREFORE, Plaintiff respectfully requests that the Court:

1) Grant Plaintiff's Motion for Final Judgment in Garnishment regarding Wells Fargo Bank, N.A.

2) Enter a Final Judgment in favor of Plaintiff and against Wells Fargo Bank, N.A. awarding 2,512.28 to Nationwide Judgment Recovery, Inc., payable to the attorney trust account of undersigned counsel;

3) Retain jurisdiction to consider further motions for taxable fees and costs; and

4) Grant Plaintiff such other relief that the Court deems appropriate, fair, and equitable.

Dated: February 16, 2022.

Respectfully submitted,

*Alison Emery*

Alison N. Emery, Esquire
Counsel for Nationwide Judgment Recovery, Inc.
Florida Bar No. 0621641
Emery Law, PLLC
5011 Gate Parkway
Building 100, Suite 100
Jacksonville, FL 32256
Telephone 904-404-3394
E-mail: alison@jaxlawyer.com